# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN WILLIE WILLIAMS,<br># 173816, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 21-00534-KD-B |
| | * | |
| PATRICE RICHIE JONES,<br>Warden, *et al.*, | * | |
| | * | |
| Respondents. | * | |

## REPORT AND RECOMMENDATION

Petitioner Kevin Willie Williams, an Alabama prison inmate in the custody of Respondent Patrice Richie Jones, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. This action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.[1]  In the instant petition, Williams seeks retesting of the DNA evidence in his case in an effort to prove his innocence. Because this action is in its initial stages, no response to the petition has been filed. Having carefully considered Williams's petition and the

---

[1] The record is adequate to determine Williams's claim; thus, no federal evidentiary hearing is required. See <u>Kelley v. Sec'y for Dep't of Corr.</u>, 377 F.3d 1317, 1333-35 (11th Cir. 2004), <u>cert. denied</u>, 545 U.S. 1149 (2005).

records of this Court,[2] the undersigned **RECOMMENDS** that Williams's habeas corpus petition be **DISMISSED without prejudice** for lack of jurisdiction due to Williams's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

I.    <u>BACKGROUND</u>

**A. Williams's Convictions and State Court Challenges.**

In October 2012, following a jury trial, Williams was convicted in the Circuit Court of Mobile County, Alabama of first-degree rape, first-degree robbery, and second-degree kidnapping. (Doc. 1 at 1-2).  He was sentenced to life in the state penitentiary.  (<u>Id.</u> at 1).  Thereafter, Williams unsuccessfully challenged his convictions in the state courts of Alabama on direct appeal and through multiple Rule 32 petitions for post-conviction relief.  (<u>See</u> Doc. 1-1 at 2-3, 7).  In his fourth Rule 32 petition, filed on August 31, 2020, Williams argued, *inter alia*, that he was entitled to retesting of the DNA evidence in his case using "New Technological Testing Improvements" that were not available at the time of his convictions.[3]  (<u>See</u> Doc. 1 at 5-6; Doc. 1-1 at 3, 5, 8-9).  The circuit court summarily dismissed Williams's fourth

---

[2] <u>See</u> <u>United States v. Rey</u>, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

[3] The Alabama Court of Criminal Appeals noted that Williams's claim about retesting the State's DNA evidence was "the same or similar to" a claim Williams had raised in his third Rule 32 petition. (Doc. 1-1 at 5).

Rule 32 petition on March 23, 2021, and the Alabama Court of Criminal Appeals affirmed the summary disposition on October 1, 2021.  (Doc. 1-1 at 2-11).

**B. The Instant § 2254 Habeas Petition.**

After his request for DNA retesting was denied in the state courts, Williams filed the instant § 2254 habeas petition in the Middle District of Alabama on November 1, 2021.[4]  (Doc. 1).  In the petition, Williams lists his sole ground for relief as "Re-Test Dna Evidence" and avers that "there is no remedy but this court in Post-Conviction proceedings to have the evidence re-tested at the Government Expense[.]"  (Id. at 5).  He asks "for relief in this Court to allow him to have his DNA evidence re-tested because it was only tested by District Attorney Office and their agency and not by an Independent Labatory [sic]."  (Id. at 15).  Williams's instant habeas action was transferred from the Middle District of Alabama to this Court in December 2021.  (Docs. 4, 5).[5]

---

[4] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing.  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).  Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion.  Id.  Williams's instant habeas petition is dated November 1, 2021.  (Doc. 1 at 15).

[5] Shortly before filing the instant § 2254 habeas petition in the Middle District of Alabama, Williams filed a "Motion for Post-Conviction DNA Testing Pursuant to §3600 to Have DNA Evidence Re-Tested" in this Court.  Williams v. Alabama, No. 1:21-cv-00467-

**C. Williams's Prior Federal Habeas Petitions.**

An examination of this Court's records reveals that Williams filed at least four federal habeas petitions challenging his October 2012 convictions and sentences prior to filing the instant petition. Williams filed his first federal habeas petition on October 25, 2012. Williams v. Hetzel, Case No. 1:12-cv-00693-KD-C (S.D. Ala. 2012), ECF No. 1. This Court dismissed the action without prejudice on February 22, 2013, based on Williams's failure to prosecute and comply with the Court's orders. Id., ECF No. 5, 7, 8.

On July 24, 2013, Williams filed a § 2254 habeas petition raising claims of actual innocence and ineffective assistance of counsel. Williams v. Thomas, Case No. 1:13-cv-00386-CG-M (S.D. Ala. 2013), ECF No. 1, 4. On December 27, 2013, this Court dismissed Williams's § 2254 habeas petition to allow him to exhaust his state court remedies. Id., ECF No. 45, 53, 54.

---

TFM-B (S.D. Ala. Oct. 25, 2021), ECF No. 1. In that motion, Williams asserted his innocence and asked this Court to order the Circuit Court of Mobile County to release his DNA evidence to federal custody for retesting by the FBI. Id. In an order dated November 15, 2021, the undersigned construed Williams's request for post-conviction DNA testing as a civil rights action pursuant to 42 U.S.C. § 1983 and ordered Williams to pay the $402.00 statutory filing fee for a non-habeas civil action or file a motion to proceed without prepayment of fees by December 30, 2021. Id., ECF No. 3. In response, Williams filed a "Request for Leave to Amend Complaint in §2254 Habeas Corpus Complaint" asking the Court to allow the matter to proceed as a § 2254 habeas corpus action and to allow him to pay the $5.00 habeas filing fee in order to proceed. Id., ECF No. 4.

On January 26, 2015, Williams filed another § 2254 habeas petition, in which he claimed that his counsel was ineffective, he was actually innocent, the trial court wrongfully denied his motion for compulsory process as to certain witnesses and records, the trial court improperly admitted certain evidence, and the trial judge committed judicial misconduct. Williams v. Jones, Case No. 1:15-cv-00048-CG-M (S.D. Ala. 2015), ECF No. 1, 3, 18, 20, 28. On July 27, 2015, this Court denied and dismissed Williams's petition after finding that all of his claims were procedurally defaulted. Id., ECF No. 31, 33, 34. Williams filed a motion for certificate of appealability to appeal the denial of his § 2254 habeas petition, but it was denied by the Eleventh Circuit Court of Appeals in December 2015. Id., ECF No. 38, 43.

Williams filed yet another § 2254 habeas petition in 2018, claiming that his conviction was "obtained by use of evidence obtained pursuant to an unlawful arrest." Williams v. Oliver, Case No. 1:18-cv-00471-TFM-N (S.D. Ala. 2018), ECF No. 1. On February 14, 2019, this Court dismissed Williams's petition without prejudice for lack of jurisdiction because it was an unauthorized second or successive § 2254 petition challenging his 2012 judgment. Id., ECF No. 11, 15, 16.

For the reasons set forth below, the Court finds that Williams's instant § 2254 habeas petition is likewise due to be

dismissed without prejudice for lack of jurisdiction because it is an unauthorized second or successive petition.

## II. **DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), "shall move in the appropriate court of appeals for an order authorizing the district court to consider" a "second or successive" federal habeas petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53 (2007); see also Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."[6]  Burton, 549 U.S. at 153 (citations omitted).

---

[6] Section 2244(b)(2) requires the dismissal of a "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application" unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

"[T]he petitioner *first* must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (emphasis added); see also Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."); Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 540 (11th Cir. 2009) (per curiam) ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.") (internal citation omitted).

---

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The AEDPA does not define the phrase "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). However, based on the AEDPA's language and context, the Supreme Court has concluded that courts must look to the *judgment* challenged to determine whether a petition is second or successive. See *id.* at 332-33; *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1279 (11th Cir. 2014) (per curiam) ("[T]he judgment is the center of the analysis, 'both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged.'") (quoting *Magwood*, 561 U.S. at 332-33). The Eleventh Circuit has explained that "there is only one judgment, and it is comprised of both the sentence and the conviction." *Id.* at 1281; see also *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007) ("[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention.").

There is no question that Williams is in custody pursuant to the judgment of an Alabama court and that the limitations on second or successive petitions set forth in § 2244(b) apply to Williams's instant § 2254 habeas petition. And, as outlined above, there is also no question that Williams has previously filed a number of § 2254 habeas corpus petitions in this Court challenging the same 2012 judgment that he seeks to challenge in the instant petition.

In Williams's 2015 habeas case, this Court denied Williams's petition and dismissed the action because it found all of the claims to be procedurally defaulted. Williams v. Jones, Case No. 1:15-cv-00048-CG-M (S.D. Ala. 2015), ECF No. 31, 33, 34. This constituted adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b). See Young v. Sec'y, Fla. Dep't of Corr., 697 F. App'x 660, 661-62 (11th Cir. 2017) (per curiam); Johnson v. Alabama, 2013 U.S. Dist. LEXIS 28698, at *3, 2013 WL 776251, at *1 (M.D. Ala. Jan. 16, 2013) ("[D]ismissal of a habeas corpus petition as procedurally defaulted constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)(A)'s second or successive petition requirements."), report and recommendation adopted, 2013 U.S. Dist. LEXIS 27475, 2013 WL 775382 (M.D. Ala. Feb. 28, 2013); Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998) (holding that denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition "second or successive" for purposes of the AEDPA); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (same); In re Cook, 215 F.3d 606, 608 (6th Cir. 2000) (habeas petition dismissed based on procedural default counts as a prior petition because petitioner is incapable of curing defect underlying the district court's judgment); see generally Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999) (per curiam) (holding that denial

of first § 2254 petition on the merits qualifies as first petition for purpose of determining successor status under § 2244(b)). Accordingly, the undersigned finds that Williams's instant habeas petition is a second or successive petition challenging his 2012 convictions and sentences for the purposes of § 2244(b).

Williams does not allege, and the record does not establish, that he sought, much less obtained, permission from the Eleventh Circuit Court of Appeals before filing the instant petition in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A). Therefore, Williams's present habeas petition is due to be dismissed without prejudice for lack of jurisdiction based on Williams's failure to comply with § 2244(b)(3)(A). See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam); Tompkins, 557 F.3d at 1259; Young, 697 F. App'x at 662.[7]

---

[7] The Court also notes that Williams's claim for DNA testing is not cognizable in a federal § 2254 habeas corpus action because success on such a claim would not necessarily imply that that Williams's custody is unlawful. See Skinner v. Switzer, 562 U.S. 521, 525 (2011) (holding "that a postconviction claim for DNA testing is properly pursued in a § 1983 action" rather than a federal habeas action because "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive" and "[i]n no event will a judgment that simply orders DNA tests 'necessarily impl[y] the unlawfulness of the State's custody'") (citation omitted); Grimes v. Davis, 2018 U.S. Dist. LEXIS 37995, at *14, 2018 WL 1229738, at *7 (S.D. Tex. Mar. 8, 2018) ("[A] request for DNA testing is not cognizable on federal habeas review, which is limited to determining whether a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'") (citation omitted); Bowens v. Hill, 2021 U.S. Dist. LEXIS 29748, at *9, 2021 WL 616882, at *4 (E.D. Cal. Feb. 17, 2021) (holding

III. <u>**CERTIFICATE OF APPEALABILITY**</u>

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) ("Under

---

that claim for production of DNA evidence and rape test kit was not cognizable in habeas corpus because success on the claim would not necessarily imply that petitioner's custody was unlawful), <u>report and recommendation adopted</u>, 2021 U.S. Dist. LEXIS 189490, 2021 WL 4478726 (E.D. Cal. Sept. 30, 2021).

the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'") (quoting <u>Slack</u>, 529 U.S. at 484).

In the instant action, Williams has not demonstrated that he applied to and received permission from the Eleventh Circuit to file his successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. <u>See</u> <u>Hill</u>, 112 F.3d at 1089. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Williams should be allowed to proceed further. <u>See</u> <u>Slack</u>, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Williams is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

**IV. <u>CONCLUSION</u>**

For the reasons set forth above, the undersigned **RECOMMENDS** that Petitioner Kevin Willie Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED without prejudice**

for lack of jurisdiction due to Williams's failure to comply with 28 U.S.C. § 2244(b)(3)(A).[8]  The undersigned also submits that Williams is not entitled to a certificate of appealability and is not entitled to proceed *in forma pauperis* on appeal.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

---

[8] Williams may present any arguments addressing the issue of whether the instant petition is an unauthorized second or successive § 2254 petition in timely objections to this report and recommendation.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **6th** day of **January, 2022.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**